# In the United States Court of Federal Claims

BID PROTEST

| | |
|---|---|
| VECTRUS SYSTEMS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant,<br><br>and<br><br>KELLOGG, BROWN & ROOT SERVICES, INC.,<br><br>Defendant-Intervenor. | No. 20-2053C<br>(Filed Under Seal: April 12, 2021 \|<br>Reissued: April 23, 2021)* |

## ORDER

**KAPLAN, Chief Judge.**

    This post-award bid protest is currently before the Court on the parties' cross-motions for judgment on the administrative record. The plaintiff, Vectrus Systems Corporation ("Vectrus"), is the incumbent contractor providing day-to-day base maintenance services at United States Air Force ("Air Force" or "the agency") installations in Turkey and Spain. Compl. ¶ 7, ECF No. 1. It challenges the Air Force's decision to award the successor USAFE-AFAFRICA Base Operations Support ("UABOS") Contract to defendant-intervenor Kellogg, Brown & Root Services, Inc. ("KBR"). Id. at 1.

    In its motion for judgment on the administrative record, Vectrus contends that the award decision should be set aside on the grounds that the Air Force: (1) engaged in disparate treatment when it focused upon weaknesses in Vectrus' past performance references while ignoring deficiencies in KBR's, Pl.'s Sealed Mem. in Supp. of its Mot. for J. on the Admin. R. ("Pl.'s MJAR") at 7–16, ECF No. 31-1; (2) erred when it found that one of Vectrus' past performance references did not meet the criteria for designation as a "Very Relevant" reference, id. at 17–21; (3) performed a flawed price reasonableness evaluation, id. at 22–27; and (4) irrationally traded

---

* This opinion was originally issued under seal and the parties were given the opportunity to request redactions on or before April 19, 2021. Because the parties have not filed proposed redactions, the Court reissues its decision in its entirety.

off KBR's significantly higher price tag for what Vectrus alleges were at most minor differences in past performance, id. at 28–29.

On April 7, 2021, the Court heard oral argument via videoconference on the parties' cross-motions. At the oral argument, counsel for the government advised the Court that April 13 is the deadline for the agency to decide whether to enter another bridge contract with Vectrus.

Given the impending deadline, the Court has decided that it would be appropriate for it to issue a summary opinion now regarding the merits of the parties' cross-motions, with a more detailed explanation to follow in a subsequent opinion. In short, the Court concludes that Vectrus has failed to show that the decision to award the contract to KBR was arbitrary, capricious, an abuse of discretion, or contrary to law.

First, the Court is not persuaded that the agency's evaluation of the offerors' past performance references reflects disparate treatment. Rather, the Court agrees with the Government Accountability Office that Vectrus' disparate treatment argument is based on Vectrus' "cherry-pick[ing]" of "individual instances of negative past performance" by KBR and its "focusing on isolated incidents in KBR's records that ignored the reality that KBR's performance record on its very relevant contracts was materially stronger than . . . Vectrus's.'" Admin. R. ("AR") Tab 129 at 4838, ECF No. 30-2.

The Court also finds no merit in Vectrus' argument that one of its past performance references involving the Thule Base Maintenance Contact (the "Thule Contract") should have been rated as "Very Relevant." Under the Solicitation, to be characterized as Very Relevant, the offeror's efforts must, among other things, "demonstrate the ability to execute work for the DoD in multiple locations simultaneously within Europe or Africa." AR Tab 39 at 2164, ECF No. 28. Vectrus' claim that its work under the Thule Contract demonstrates its ability to execute work at multiple locations simultaneously within Europe is premised on an argument that the work it performed in Greenland was performed at a location "within Europe." Compl. ¶ 36. Its argument is obviously not based on Greenland's geographical location (North America). Instead, it is based on Greenland's close political and cultural ties to Denmark as well as the fact that Greenland falls under the responsibility of the United States European Command ("EUCOM"). Pl.'s MJAR at 19–20. Vectrus' argument lacks merit because it is inconsistent with the plain language of the Solicitation which speaks in terms of geographic location, not EUCOM's responsibilities, or an area's political ties, or cultural affiliation.

Vectrus' challenge to the agency's price reasonableness determination is equally unavailing. The Air Force compared each offeror's proposed price to two appropriate benchmarks for price reasonableness, i.e., the average Total Evaluated Price ("TEP") established through competition, and the Government's TEP. It also engaged in a rational analysis of KBR's price proposal relative to those two measures. Vectrus' arguments to the contrary are not persuasive.

Finally, it is well-established that agency procurement officials have broad discretion to determine which proposal provides the best value to the government. Here, the agency explained the rationale for its decision to award the contract to KBR notwithstanding its higher price, and

its decision is consistent with the criteria in the Solicitation, under which past performance was explicitly characterized as significantly more important than price.

## CONCLUSION

On the basis of the foregoing, and as will be explained in greater detail in an opinion to be issued within the next two weeks, Vectrus' motion for judgment on the administrative record, ECF No. 31, is **DENIED**. The government's and the intervenor KBR's cross-motions for judgment on the administrative record, ECF Nos. 35 and 36, are **GRANTED**. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

                                                  s/ Elaine D. Kaplan
                                                  ELAINE D. KAPLAN
                                                  Chief Judge